**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AYRTON AARON TORRE PONCE,<br>Petitioner,<br>v.<br>WARDEN,<br>Respondent. | Civil Action No. 26-11302 (BRM)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Petitioner Ayrton Aaron Torre Ponce's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 arguing his detention violates his constitutional rights. (ECF No. 1.) Respondents filed a letter response. (ECF No. 5.) Having reviewed and considered the parties' submissions in support of and opposition to the letter seeking immediate release, and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b), for the reasons set forth below and for good cause appearing, the Petition is **DENIED**.

## I. BACKGROUND

Petitioner, a citizen of Peru, unlawfully entered the United States on or about November 18, 2023. (ECF No. 5 at 1.) United States Border Protection arrested Petitioner and issued a Notice to Appear ("NTA"). (*Id.*) Petitioner was released into the country due to lack of detention space. (*Id.*)

On August 3, 2026, an Immigration Judge ("IJ") ordered Petitioner removed *in absentia* after he did not attend his removal hearing. (*Id.*; ECF No. 5-2.) On August 4, 2026, Immigration

Customs and Enforcement ("ICE") officers arrested and detained Petitioner. (*Id.*) Respondents submit that Petitioner has not sought to reopen the *in absentia* removal order. (*Id.*)

On September 1, 2026, Petitioner filed this Petition challenging his detention under 8 U.S.C. § 1231(a). (ECF No. 1.) Petitioner argues that his detention violates his due process rights. (*See id.*) Respondents filed a response. (ECF No. 5.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III. DECISION

In the Petition, Petitioner argues that his detention violates his due process rights. (ECF No. 1.) Respondents argue that Petitioner is lawfully detained under a final order of removal pursuant to 8 U.S.C. 1231(a). (ECF No. 5.)

Petitioner has a final order of removal. The record shows that on August 3, 2026, Petitioner was ordered removed *in absentia* by an IJ. (ECF No. 5-2.) Petitioner's *in absentia* removal order is, by statute, a final order of removal. *See* 8 U.S.C. § 1229a(b)(5); *Matter of Guzman*, 22 I. & N.

Dec. 722, 722-23 (BIA 1999). Petitioner has been subject to a final order of removal since that time.

Section 1231 states in relevant part that "when [a noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). This 90-day detention is mandatory. *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) ("While removal proceedings are in progress, most [noncitizens] may be released on bond or paroled. After entry of a final removal order and during the 90-day removal period, however, [noncitizens] must be held in custody." (internal citation omitted)). Petitioner was taken into custody on August 4, 2026. As a result, Petitioner's detention is still within the 90-day mandatory detention period, rendering any challenge to his § 1231 detention premature.

## IV. CONCLUSION

For the reasons set forth above and for good cause appearing, Petitioner's § 2241 Petition (ECF No. 1) is **DENIED**. An appropriate order follows.

**Date:** September 24, 2026

*/s/Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**